**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHAMONE RUSSELL,<br><br>Plaintiff,<br><br>v.<br><br>STARK COUNTY<br>JOBS AND FAMILY SERVICES, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 5:22 CV 1029<br><br>JUDGE JOHN R. ADAMS<br><br><br>MEMORANDUM OF OPINION AND ORDER |

*Pro se* Plaintiff Chamone Russell filed this action against the Stark County Jobs and Family Services Child Protection Agency ("the Agency"), Goodwill Services, and the Stark County Court System. In the Complaint, Plaintiff alleges she is appealing the decision of the Stark County Juvenile Court to grant permanent custody of her three children to the Agency. She does not assert any legal claims. She seeks return of her children.

Plaintiff filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2). That Application is granted.

## I. Background

Plaintiff's Complaint contains very few facts and no legal claims. The following information was gleaned from the opinion of the Ohio Fifth District Court of Appeals that Plaintiff attaches to her Complaint.

Plaintiff is the biological mother of three children. The Agency removed the children from Plaintiff's home in December 2019 and filed complaints of abuse, neglect and dependency with the Stark County Juvenile Court. Efforts were made during 2020 and 2021 to reunify Plaintiff and her children, but little to no progress was made. Kelsey Kiggins is a parenting instructor and family coach with Goodwill Industries. She attempted to help Plaintiff set individual goals that demonstrated insight into the Agency's concerns and to ensure the safety of the children continuing forward. She reported that Plaintiff had not met any of her individual goals in the two years the children had been out of her home. Other counselors voiced similar concerns. The Juvenile Court held a hearing in September 2021 and granted permanent custody of the children to the Agency. Plaintiff appealed that decision to the Ohio Fifth District Court of Appeals; however, they affirmed the decision of the Juvenile Court.

Plaintiff now brings this action in this Court seeking to appeal the Ohio courts' decisions. Her complaint in its entirety states:

> Kelsy Kiggons - parent Instructor at Goodwill Services. Kelsy has sabotaged me from getting my children home by making false statements. Stark County Court Judges side tract [sic] me to make it to an appeal. Hon. John W. Wise, Hon. Earle E. Wise, Hon. Patricia A. Delaney.

(Doc No. 1 at 4). She states, "[m]y appealing to return my children [sic] timely manner; I have been devoid of their presence since December 8, 2019." (Doc. No. 1 at 4).

## II. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a

claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

## III. Analysis

As an initial matter, this Court is not an appellate court for state court decisions. United States District Courts do not have jurisdiction to overturn state court decisions even if the request to reverse the state court judgment is based on an allegation that the state court's action was unconstitutional. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005).

Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id.* Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Berry v. Schmitt* 688 F.3d 290, 298-99 (6th Cir. 2012).

The Rooker-Feldman doctrine is based on two United States Supreme Court decisions interpreting 28 U.S.C. § 1257(a).[1] *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). This statute was enacted to prevent "end-runs around state court judgments" by requiring litigants seeking review of that judgment to file a writ of certiorari with the United States Supreme Court. The Rooker-Feldman doctrine is based on the negative inference that, if appellate court review of state judgments is vested in the United States Supreme Court, then such review may not occur in the lower federal courts. *Exxon Mobil Corp*., 544 U.S.

---

[1] 28 U.S.C. § 1257(a) provides:

> Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where the validity of a treaty or statute of the United States is drawn in question or where the validity of a statute of any State is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, or where any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of, or any commission held or authority exercised under, the United States.

at 283-84; *Kovacic v. Cuyahoga County Dep't of Children and Family Services*, 606 F.3d 301, 308-311 (6th Cir. 2010); *Lawrence v. Welch*, 531 F.3d 364, 369 (6th Cir. 2008).

Rooker-Feldman is a doctrine with narrow application. It does not bar federal jurisdiction "simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Exxon Mobil Corp*., 544 U.S. at 293; *Berry*, 688 F.3d 298-99. It also does not address potential conflicts between federal and state court orders, which fall within the parameters of the doctrines of comity, abstention, and preclusion. *Berry*, 688 F.3d 299. Instead, the Rooker-Feldman doctrine applies only where a party losing his or her case in state court initiates an action in federal district court complaining of injury caused by a state court judgment itself, and seeks review and rejection of that judgment. *Berry*, 688 F.3d 298-99; *In re Cook*, 551 F.3d 542, 548 (6th Cir.2009). To determine whether Rooker–Feldman bars a claim, the Court must look to the "source of the injury the plaintiff alleges in the federal complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir.2006); *see Berry*, 688 F.3d at 299; *Kovacic*, 606 F.3d at 310. If the source of the plaintiff's injury is the state-court judgment itself, then the Rooker–Feldman doctrine bars the federal claim. *McCormick*, 451 F.3d at 393. "If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id*.; *see Lawrence*, 531 F.3d at 368–69. In conducting this inquiry, the court should also consider the Plaintiff's requested relief. *Evans v. Cordray*, No. 09–3998, 2011 WL 2149547, at *1 (6th Cir. May 27, 2011).

Here, Plaintiff indicates she is appealing the decision of the state courts and requests that this Court overturn that decision and grant her custody. This Court lacks subject matter jurisdiction to grant the relief she requests.

Furthermore, even if Plaintiff were not asking this Court to overturn the state court judgment, this Court lacks subject matter jurisdiction to determine child custody matters. Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Although Plaintiff indicates in her Complaint that the Court has federal question jurisdiction, she does not assert a cause of action that arises under a federal statute. Child custody issues are matters of state law. This Court lacks subject matter jurisdiction to address those claims.

Finally, even if this Court had jurisdiction to consider the child custody issues, the doctrine of *res judicata* would bar this Court from addressing matters which were already decided by the state courts. The term "*res judicata*" literally means "a matter [already] judged." The doctrine of *res judicata* bars duplicative litigation based on the same event or events. *Montana v. United States*, 440 U.S. 147, 153 (1979); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979). When one court has already resolved the merits of a case, another court will not revisit them. *Id.* The doctrine of *res judicata* therefore precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the Court and every issue or

defense that should have been raised in the previous action. *Id.* Because these issues were already litigated in the Ohio courts, Plaintiff cannot bring a new case in the hope of obtaining a different result from this Court.

## IV. Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted, and this action is dismissed for lack of subject matter jurisdiction pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

September 1, 2022

*/s/ John R. Adams*
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.